FRIEDMAN, JAMES & BUCHSBAUM LLP
John P. James, Esq. (JJ-8110)
Andrew V. Buchsbaum (AB-6475)
Attorneys for Defendant SUSAN WANG
21 Kilmer Drive, Suite G
Morganville, NJ   07751
(212) 233-9385

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------------x   18 Civ. 14929 (JMV) (SCM)
IN THE MATTER OF THE COMPLAINT OF
WEEKS MARINE, INC., AS OWNER OF THE         :   **ANSWER OF SUSAN WANG**
CRANE BARGE "WEEKS 529" FOR EXONERATION
FROM AND LIMITATION OF LIABILITY               :   **JURY TRIAL**
------------------------------------------------------------------------x   **DEMANDED**

    Defendant, SUSAN WANG, individually and as personal representative of the Estate of BRANNIN J. BEEKS, deceased, and for the benefit of all distributees of BRANNIN J. BEEKS, deceased, by her attorneys, FRIEDMAN, JAMES & BUCHSBAUM LLP, for her answer to the Complaint filed by Plaintiff/Petitioner WEEKS MARINE, INC., and without prejudice to SUSAN WANG's right to seek a trial by jury on her claims, whether as Defendant in this action or as Plaintiff in a prior-filed separately commenced related action arising from the same incident captioned Susan Wang, etc. v. Weeks Marine, Inc. et al.,18-CV-10156 (JMV) (SCM), or as may be consolidated herein, states as follows:

    1. Admits that as pled, this action is within the admiralty and maritime jurisdiction, but denies that Fed.R.Cvil P. 9(h) denies SUSAN WANG a jury trial whether as Defendant and/or claimant in this action or as Plaintiff in a prior-filed separately commenced related action arising from the same incident captioned Susan Wang, etc. v. Weeks Marine, Inc. et al.,18-CV-10156 (JMV) (SCM), or as may be consolidated herein, under authority of In re  Dammers & Vanderheide & Scheepvaart Maats Christina B.V., 836 F.2d 750, 755 (2d Cir.1988) and Gorman v.

Cerasia, 2 F.3d 519 (3d Cir. 1993).

  2. Admits the allegations contained in Paragraph 2 of the Complaint.

  3. Admits the allegations contained in Paragraph 3 of the Complaint.

  4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

  5. Admits that defendant SUSAN WANG, individually and as personal representative of the Estate of BRANNIN J. BEEKS, deceased, and for the benefit of all distributees of BRANNIN J. BEEKS, deceased is, in accordance with the claim filed concurrently herewith, a claimant in the within action, and that an application for Administration of the Estate of Brannin J. Beeks was filed by SUSAN WANG in the State of Connecticut Court of Probate, Fairfield Probate Court, and except as so admitted, denies the allegations contained in Paragraph 5 of the Complaint.

## AS TO THE LIMITATION OF LIABILITY PETITION

  6. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Complaint.

  7. Denies the allegations contained in Paragraph 7 of the Complaint.

  8. Admits that according to the Certificate of Death issued by the New Jersey Department of Health, Office of Vital Statistics and Registry, decedent BRANNIN J. BEEKS was found deceased on April 27, 2018 onboard the Vessel "WEEKS 529," which was located on navigable waters within the State Territorial Waters of the State of New Jersey, and except as so admitted, denies the allegations contained in Paragraph 8 of the Complaint.

  9. Denies the allegations contained in Paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Complaint and refers the Court to the Complaint filed in the <u>Wang</u> Action for its terms.

11. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Complaint.

12. Denies the allegations contained in Paragraph 12 of the Complaint.

13. Denies the allegations contained in Paragraph 13 of the Complaint.

14. Admits that a document entitled "*Ad Interim* Security in the Form of a Letter of Undertaking" was filed in this action, denies knowledge or information sufficient to form a belief as to whether said document is in appropriate form, and denies that said document is for an amount equal to Plaintiff/Petitioner's interest in the Vessel and costs.

15. Denies the allegations contained in Paragraph 15 of the Complaint.

16. Denies the allegations contained in Paragraph 16 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

17. The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

18. The incident described in the Complaint occurred within the privity and/or knowledge of Plaintiff/Petitioner WEEKS MARINE, INC.

### THIRD AFFIRMATIVE DEFENSE

19. The *Ad Interim* Stipulation allegedly filed by Plaintiff/Petitioner herein is insufficient and should be increased pursuant to Supplemental Admiralty Rule F(7).

### FOURTH AFFIRMATIVE DEFENSE

20. Plaintiff/Petitioner WEEKS MARINE, INC. has failed to include in the limitation fund its full interest in the flotilla, and accordingly, the Complaint should be dismissed.

### FIFTH AFFIRMATIVE DEFENSE

21. The "WEEKS 529," its crew and/or appurtenances were unseaworthy.

### SIXTH AFFIRMATIVE DEFENSE

22. Plaintiff/Petitioner WEEKS MARINE, INC. negligently owned, operated and/or controlled the "WEEKS 529."

### SEVENTH AFFIRMATIVE DEFENSE

22. Defendant's decedent, BRANNIN J. BEEKS, was free from any contributory and/or comparative fault in connection with the occurrence alleged in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

23. Plaintiff/Petitioner WEEKS MARINE, INC. is jointly and severally liable for the negligent acts of third parties, viz. North American Aggregates, LLC, who are not entitled to exoneration or limitation of liability.

**WHEREFORE**, Defendant SUSAN WANG, individually and as personal representative of the Estate of BRANNIN J. BEEKS, deceased, and for the benefit of all distributees of BRANNIN J. BEEKS, deceased, demands that the Complaint be dismissed; that Plaintiff/Petitioner WEEKS MARINE INC.'s right to exoneration and/or limitation of liability be denied; that SUSAN WANG's right to a trial by jury be preserved with respect to all claims asserted by SUSAN WANG as Defendant and claimant in this action or as Plaintiff in the related prior-filed action arising from the same incident captioned Susan Wang, etc. v. Weeks Marine, Inc. et al.,18-

CV-10156 (JMV) (SCM) or as may be consolidated herein; that SUSAN WANG be permitted to proceed to trial as Plaintiff before a jury in the prior-filed action arising from the same incident captioned <u>Susan Wang, etc. v. Weeks Marine, Inc. et al.</u>,18-CV-10156 (JMV) (SCM); that Defendant SUSAN WANG be awarded pre-judgment interest and costs of suit; and/or that Defendant SUSAN WANG have such other, further and different relief as to the Court seems just and proper.

Dated:   New York, New York
         April 2, 2019

                            **FRIEDMAN, JAMES & BUCHSBAUM LLP**
                            Attorneys for Defendant SUSAN WANG

                          By:   <u>/s/ Andrew V. Buchsbaum</u>
                                 Andrew V. Buchsbaum (AB-6495)

TO:   **By ECF:**

     Clerk of Court

     All Counsel of Record