Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF WEEKS MARINE, INC. AS OWNEER OF THE CRANE BARGE "WEEKS 529" FOR EXONERATION FROM AND LIMITATION OF LIABILITY | Civil Action No. 2-18-cv-14929-JMV-SCM<br><br>**OPINION & ORDER** |
| SUSAN WANG, individually and as Personal Representative of the Estate of BRANNIN J. BEEKS, deceased, and for the benefit of all distributes of BRANNIN J. BEEKS, deceased,<br><br>*Third-Party Plaintiff,*<br><br>v.<br><br>NORTH AMERICAN AGGREGATES, LLC,<br><br>*Third-Party Defendant.* | |

**John Michael Vazquez, U.S.D.J.**

Currently pending before the Court is a motion to dismiss a complaint against a third-party defendant. Third-Party Defendant North American Aggregates, LLC ("NAA" or "Third-Party Defendant") and Weeks Marine, Inc. ("Weeks" and, together with NAA, collectively, "Movants") filed the instant motion pursuant to Federal Rules of Civil Procedure 12 and 14(a)(4). D.E. 18. Third-Party Plaintiff Susan Wang ("Plaintiff") filed a brief in opposition (D.E. 26), to which

Movants replied (D.E. 29).[1] The Court reviewed the parties' submissions and decided the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's motion to dismiss is **DENIED**.

## I. FACTUAL BACKGROUND[2] & PROCEDURAL HISTORY

In April of 2018, Brannin J. Beeks was tragically killed in an accident on board the crane barge WEEKS 529. Third-Party Complaint at ¶ 13. Third-Party Defendant NAA was the operator of the barge and was the decedent's employer. *Id.* ¶¶ 11-12. Plaintiff is the wife of decedent, suing individually and on behalf of his estate. *Id.* ¶¶ 4-8. Plaintiff alleges that NAA was negligent in its ownership, possession, management, operation, design and control of the barge, and such negligence led to decedent's death. *Id.* ¶ 14. NAA is a wholly owned subsidiary of Weeks, who owns the barge. Plaintiff alleges that NAA is liable for breaching various duties due to its status as either owner or owner *pro hac vice* of the barge. Third-Party Complaint at ¶¶ 14, 17.

On June 5, 2018, Plaintiff filed a wrongful death action against Weeks and NAA in this Court. *Wang v. Weeks Marine, Inc.*, No. 18-cv-10156 (the "Wrongful Death Action"). Invoking the district court's admiralty jurisdiction, Weeks filed a limitation of liability action on October 12, 2018, pursuant to 46 U.S.C. § 30505 (the "Limitation Action")[3]. D.E. 1. Accordingly, this

---

[1] Plaintiff's Third-Party Complaint was filed April 2, 2019 (D.E. 13) and will be referred to as the "Third-Party Complaint"; Movants' brief in support of its motion to dismiss (D.E. 18-2) will be referred to as "Def. Br."; Plaintiff's opposition (D.E. 26) will be referred to as "Plf. Opp."; and Movants' reply (D.E. 29) will be referred to as "Def. Reply."

[2] The factual background is taken from the Third-Party Complaint. D.E. 8. When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the Complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

[3] When a maritime accident occurs, a ship owner facing potential liability can file a limitation action in federal district court. *Complaint of Consolidation Coal Co.*, 123 F.3d 126, 132 (3d Cir. 1997) (citing 46 App. U.S.C. § 183(a); Fed. R. Civ. P. Supp. Rule F(4)). Once this action is filed, the court is then authorized to stay all other proceedings against the ship owner. *Id.*

Court issued an order staying the further prosecution of any suits against Weeks, the petitioner of the limitation action. D.E. 8. On April 2, 2019, Plaintiff filed her Third-Party Complaint against NAA in the Limitation Action, alleging similar facts as in her complaint in the Wrongful Death Action. D.E. 13. The parties in both the Wrongful Death Action and the Limitation Action have agreed to consolidate discovery. D.E. 22. Both actions are being handled by the undersigned and by Magistrate Judge Mannion.

## II. STANDARD OF REVIEW

Relying on the first-filed rule, Movants seek relief pursuant to Federal Rules of Civil Procedure 12 and 14(a)(4). Federal Rule of Civil Procedure 14(a)(4) provides that "[a]ny party may move to strike [a] third-party claim, to sever it, or to try it separately." Fed.R.Civ.P. 14(a)(4). "Although Rule 14(a) has never expressly provided for a motion to dismiss third-party claims, the federal courts have entertained both motions to dismiss and to strike and have not drawn distinctions between them." C. Wright, M. Kane & A. Miller, 6 *Federal Practice and Procedure* § 1460 (3d ed., August 2019 Update). "Courts are granted wide discretion in determining whether to permit such third-party procedure." *NuVasive, Inc. v. Renaissance Surgical Center North, L.P.*, 853 F. Supp. 2d 654, 659 (S.D. Tex. 2012) (quoting *Briones v. Smith Dairy Queens, Ltd.*, 2008 WL 4200931, at *2 (S.D. Tex. Sept. 9, 2008) (internal quotation marks omitted).

## III. ANALYSIS

In cases of concurrent federal jurisdiction, the "first-filed rule" applies. The rule provides that in such cases, "the court which first has possession of the subject must decide it." *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988) (quoting *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941). The rule's "primary purpose is to avoid burdening the federal judiciary and to prevent the judicial embarrassment of conflicting judgments." *Id.* at 977

(citations omitted). A further purpose is to encourage "sound judicial administration" and "comity among federal courts of equal rank." *Id.* at 971. However, exercise of the rule is discretionary. *Id.* at 972 ("District courts have always had discretion to retain jurisdiction given appropriate circumstances justifying departure from the first-filed rule."); *see also Honeywell Int'l, Inc. v. International Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, 502 F. App'x 201, 205 (3d Cir. 2012). The rule is "not a rigid or inflexible rule to be mechanically applied[.]" *E.E.O.C.*, 850 F.2d at 976 (quotations and citations omitted). Discretion may be used, for example, where there are "rare or extraordinary circumstances" or there is "inequitable conduct, bad faith, or forum shopping." *Id.* at 972.

This instant action presents an unusual circumstance. The first-filed rule typically applies when two cases are pending in two different federal districts. *See, e.g., Honeywell*, 502 F App'x at 203-204, *E.E.O.C.*, 850 F.2d at 974, *Eagle Pharm. Inc. v. Eli Lilly & Co.*, No. 17-6415, 2018 WL 3492145, at *2 (D.N.J. July 20, 2018), *Catanese v. Unilever*, 774 F. Supp. 2d 684, 687 (D.N.J. 2011). On occasion, the rule has been applied to cases filed in the same federal district. *See, e.g., Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1294 (N.D. Cal. 2013) (applying the first-filed rule to transfer an action when the first-filed action had been transferred to another district). Here, not only have the actions been filed in the same district but they are before the same district and magistrate judges. Another unusual circumstance is that the Limitation Action was actually the second-filed action relating to this case. The Wrongful Death Action is the first-filed action. Movants are clearly not requesting that the Limitation Action be dismissed or transferred, as is typically the case when seeking the apply the first-filed rule. Rather, they are seeking to dismiss a third-party complaint that has been filed within the second action.

4

This unique situation is one where the first-filed rule should not be "mechanically applied." Comity among the federal courts is not at issue when only one district court is involved. Likewise, administrative burden on the federal courts is not a concern here. The ongoing discovery process has been consolidated and will be overseen by the same magistrate judge without any additional expenditure of judicial resources. The principles behind the first-filed rule, primarily related to judicial economy and comity, are not currently implicated given the consolidated discovery.

Therefore, the motion to dismiss is denied without prejudice. Movants[4] are free to seek appropriate relief at a later time if they deem it appropriate.

## IV. CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 27th day of December, 2019,

**ORDERED** that Defendant's motion to dismiss (D.E. 18) is **DENIED** without prejudice.

John Michael Vazquez, U.S.D.J.

---

[4] Movants acknowledge that their primary concern is that Plaintiff is seeking to obtain a jury trial in the third-party action. Limitation actions do not provide for a jury.

5